Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

FILED ☑    LODGED ___
RECEIVED ___   COPY ___

AUG 2 5 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

District of Arizona

Division

Case No.    **CV22-01446-PHX-JFM**

*(to be filled in by the Clerk's Office)*

Mark McCormick

_____
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Dreamy Draw Justice Court
Superior Court of Arizona

_____
Defendant(s)
*(Write the full name of each defendant who is being sued.  If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

## COMPLAINT AND REQUEST FOR INJUNCTION

I.  **The Parties to This Complaint**

A.  **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if
needed.

Name                Mark McCormick (living Man)
Street Address      610 E. Bell Rd #2-221
City and County     Phoenix, AZ 85022 (Maricopa)
State and Zip Code
Telephone Number    206·415-1688
E-mail Address      BIGFLAASHB@Gmail.Com

B.  **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation.  For an individual defendant,
include the person's job or title *(if known)*.  Attach additional pages if needed.

Exhibits

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

Name Superior Court of Arizona

Job or Title *(if known)*

Street Address 201 W. Jefferson St

City and County Phoenix  Maricopa

State and Zip Code Arizona  85003

Telephone Number

E-mail Address *(if known)*

Defendant No. 2

Name Dreamy Draw Justice Court

Job or Title *(if known)*

Street Address 14380 N. 40th St

City and County Phoenix, AZ   Maricopa

State and Zip Code 85032

Telephone Number

E-mail Address *(if known)* N/A

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

LC2022
060657

Judge Kiley, Daniel

March 1st 2022

40 N. Central Ave Ste 1800
85004
602-514-7500

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?   *(check all that apply)*

[X] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. ① *The U.S. Constitution's Supremacy Clause* ② *Article 6 Clause 2, ③ First Amendment (Redress for grievances) Seventh Amendment (Right to trial) ④ 14th Amendment (Due Process and Equal Protection Clause), 18 USC 241, 18 USC 242, 18 USC 1346 Honest Service Fraud*

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)          *(Plaintiff Invokes All Constitutional Rights)   none waived.*

a.     If the plaintiff is an individual
The plaintiff, *(name)* Mark McCormick *(living Man)*, is a ~~citizen~~ *American National* of the State of *(name)* Arizona .

b.     If the plaintiff is a corporation
The plaintiff, *(name)* N/A , is incorporated under the laws of the State of *(name)* N/A , and has its principal place of business in the State of *(name)* N/A .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

a.     If the defendant is an individual
The defendant, *(name)* Superior Court of Arizona , is a citizen of the State of *(name)* Arizona . Or is a citizen of *(foreign nation)* .

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

b.  If the defendant is a corporation

The defendant, *(name)* The Dreamy Draw Justice Court, is incorporated under

the laws of the State of *(name)* Arizona , and has its

principal place of business in the State of *(name)* Arizona .

Or is incorporated under the laws of *(foreign nation)* Arizona ,

and has its principal place of business in *(name)* Arizona .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Amount exceed Because Plaintiff herein has a State Civil action Connected to this which Seek an amount in excess of $75,000.

## III.  Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?

Please See Averments 1 thru 24 on the attachment

B.  What date and approximate time did the events giving rise to your claim(s) occur?

October 28th 2021 Thru August 25+ 2022

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

C.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?*
      *Was anyone else involved?  Who else saw what happened?)*

On November 4th 2021 I sued 3 Defendants for Fraud, Slander, Libel, Breach of Contract and intentional infliction of emotional distress. The claims in that Case is held in the Arizona Superior Court Case # CV2021-053913. The claims derive from a unconstitutional and illegal Judgment Secured against Me in The Dreamy Draw Justice Court on November 4th 2021 in violation of the United States Constitution's 14th Amendment (equal Protection & Due Process). The Dreamy Draw Justice Court issued their Void Judgment November 4th 2021. I timely appealed.
            See Attachment Pages 1 thru 2

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

I have informed the Courts that I have nowhere to live due to organized Crime. They ignored my affidavit on August 4th 2022. I provided an affidavit for them to make an emergency ruling on my pending motions because they are intentionally stalling. They issued an order on August 5 2022 in violation of the United States Supremacy Clause of the Constitution
        See Attachment Pages 1 thru 2

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff Seek relief in the form of an injunction to Compel the Defendant herein to adhere to The U.S. Constitution and refrain from Continuing to violate 18 USC 241, 18 USC 242, 18 USC 1346 Honest Service Fraud. (See Attachment)

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _8/25/22_

Signature of Plaintiff    _Mark McCormick    Sui Juris_

Printed Name of Plaintiff    _Mark McCormick (living Man)_

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _N/A_____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

Attachment

Page 1 thru 2

FACTS UNDERLYING YOUR CLAIM

1. My claims derive from numerous constitutional violations committed against me in the state courts. The State Courts have been intentionally thwarting my pursuit to justice by ignoring (INVOKED United States 14th Amendment's (Equal Protection Clause and the Due Process Clause).

2. All acts committed are in violation of 18 U.S.C. 241, 18 U.S.C. 242, 18 U.S.C. 1346 Honest Service Fraud.

3. All acts extend from October 28th 2021 thru August 25th 2022.

4. All Defendants are State Court and/or State Court Officials and all matters herein are strictly related to Federal Law and the intentional ignoring of the Plaintiff's Guaranteed Unalienable Rights Secured by The United States Constitution and the Defendants Oath of office to primarily uphold the U.S. Constitution and Article 6 clause 2 of the United States Constitution.

5. The Plaintiff invoked all his constitutional rights secured by the United States on their court records in the cases involving the Plaintiff herein.

6. The Plaintiff's Constitutional Rights was ignored and violated on November 4th 2021 when Judge Jess LaRona issued an illegal, unconstitutional void judgement against living man Mark McCormick. The judgment obtained was without due process and without equal protection of law. On or around October 28th 2021 the Plaintiff herein had a trial in the Dreamy Draw Justice Eviction Court.

7. Plaintiff Mark McCormick sent in all evidence in the form of exhibits and affidavits to the Dreamy Draw Justice Court using FedEx Kinkos and he is on camera and have proof of transmission of the documents. The Plaintiff also doubled down and sent an additional transmission of the evidence to the Court the day of trial. The Plaintiff also called the Court and they confirmed that they received all documents.

8. On November 4th 2021 The Dreamy Draw Justice Court illegally and unconstitutionally, issued a void judgement against living man Mark McCormick for about $5,975.00

9. The Judgment is illegal and unconstitutional because it was procured using extrinsic fraud upon the court and intrinsic fraud upon the court by allowing the Plaintiffs in that action therein to submit evidence to support their claims but did not allow the Plaintiff herein Mark McCormick to have his evidence heard. They lied and said they never received it at all but they truly did receive it and they confirmed. All acts committed are intentional and committed with foresight and all Defendants were in an adequate frame of mind when the acts were committed. All acts violated the U.S. Constitution's 1st Amendment (redress for grievances) 14th Amendment's (Equal Protection of Law and Due Process Clause).

10. The Plaintiff herein Mark McCormick timely appealed the Judgment to The Arizona Superior Court of Appeals on March 1st 2022 case#LC2022000057 Judge Kiley Daniel.

11. The Arizona Superior Court of Appeals received transmission of the record for appeal from the Dreamy Draw Justice Court on April 14th 2022. When they received the record they noticed that the record was tampered with. The Dreamy Draw Justice Court sent them an incomplete audio record of the court trial, the audio of Mark McCormick's testimony was cutoff during testimony. The act was done to deprive Mark McCormick of Justice in the eviction action because it was a component of fraud upon the court, in violation of 18 U.S.C. 241, 18 U.S.C. 242, 18 U.S.C. 1346 Honest Service Fraud.

12. On June 20th 2022 Arizona Superior Court Judge Kiley Daniel issued an order compelling The Dreamy Draw Justice Court to submit the correct and full version of the audio by July 21,2022.

13. The Dreamy Draw Justice Court sent another version of the record to the Arizona Superior Court of Appeals and it was received on June 25th 2022.

14. During the entire course of this appeal Plaintiff Mark McCormick has an ongoing Civil case#CV2021-053913 in Arizona Superior Court before Judge Allison Bachus.

15. That Civil Court has motions for Plaintiff Mark McCormick that have been pending for as long as 2 months and his motions are always decided on a much longer duration than the Defendants, which violated the equal protection and due process clause of the 14th Amendment to the U.S. Constitution.

16. On August 24th 2022 The Arizona Superior Court of Appeals illegally and unconstitutionally issued a void order which validated all illegal and unconstitutional acts committed against Mark McCormick by The Dreamy Draw Justice Court and their personnel, resulting in further delay and irreparable harm towards Plaintiff Mark McCormick.

17. All acts are done intentionally to oppress and harass Plaintiff Mark McCormick for his exercising his Guaranteed Unalienable Constitutional Rights Secured by the United States Constitution.

18. Plaintiff Mark McCormick's State Civil case is being intentionally stalled and motions pending for nearly 2 months particularly his motion for leave to file his first amended complaint in the state civil action case#CV2021-053913.

19. Plaintiff move this Federal Court to Compel all Defendants to cure their constitutional violations and to refrain from any further violations moving forward in both the appeals action(LC2022-000057) and the Civil State action (Case#CV2021-053913).

20. Plaintiff herein also move this Federal Court to exercise is "Sua Sponte" powers to Compel the U.S. Attorney at 40 N. Central Ave STE 1800 Phoenix Arizona 85004 to prosecute criminally under 18 U.S.C. 241 and 18 U.S.C. 242, 18 U.S.C. 1346 Honest Services Fraud.

21. Plaintiff Mark McCormick move this Court to Compel the Defendants to adhere to the United States Supremacy Clause Article 6 Clause 2.

22. Plaintiff Move this Federal Court to Compel the Defendants to adhere to the 14th Amendments Equal Protection and due process clauses moving forward and immediately resolve all pending motions.

23. Plaintiff move this Federal Court for an order that Compel the Arizona Superior Court to adhere to the 7th Amendment to the United States Constitution (Guaranteed Trial by Jury).

24. The Plaintiff Mark McCormick want this Court to be advised that he has become extremely impoverished due to all acts committed against him. His life has been threatened with attempted murder in the form of rigged rental cars, poison in food and more. The Plaintiff herein is urgently in need of intervention of Federal Authorities to prosecute criminally and the Plaintiff Mark McCormick invoke that under the First Amendment for redress for grievances.

2

Exhibit Number 1 Pg 1 thru 2

Proof that the eviction Proceeding in the State Court was rigged and thwarted.

Exhibit 1

Clerk of the Superior Court
*** Electronically Filed ***
06/21/2022 8:00 AM

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

LC2022-000057-001 DT                                    06/20/2022


                                                    CLERK OF THE COURT
HONORABLE DANIEL J. KILEY                                  J. Eaton
                                                          Deputy



SHAH FAMILY TRUST C / O X C D REALTY        MICHAEL W CAPP

v.

MARK MCCORMICK (001)                        MARK MCCORMICK
                                            610 E BELL RD #2-221
                                            PHOENIX AZ  85022

                                            DREAMY DRAW JUSTICE COURT
                                            JUDGE KILEY
                                            REMAND DESK-LCA-CCC




**MINUTE ENTRY**


**Dreamy Draw Justice Court Case No. CC2021169905EA**


        Defendant/Appellant Mark McCormick appeals from the judgment that the Dreamy Draw
Justice Court entered against him and in favor of Plaintiff/Appellee Shah Family Trust c/o XCD
Realty.

        In reviewing the record for this case, this Court discovered that, although the Dreamy
Draw Justice Court provided this Court with a CD containing an audio recording of the trial held
in this matter, it is not a complete recording. The audio recording ends abruptly during testimony
taken during the trial. This Court therefore does not have a complete audio recording or
transcript of the trial held in this matter. Accordingly, and pursuant to Sup. Ct. R. App. P.—Civil
7(b)(10),[1]

---

[1] Sup. Ct. R. App. P.—Civil 7(b)(10) ("The record on appeal shall consist of," *inter alia*, "the
recording or certified transcript of the trial[.]").

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

LC2022-000057-001 DT                                    06/20/2022


**IT IS ORDERED** that the Dreamy Draw Justice Court shall transmit, to the Clerk of the Superior Court, a CD containing a complete audio record of or, alternatively, a complete transcript of, the proceedings held on November 4, 2021.

The Dreamy Draw Justice Court is requested to transmit this CD by **July 20, 2022**.


NOTICE: LC cases are not under the e-file system. As a result, when a party files a document, the system does not generate a courtesy copy for the Judge. Therefore, you will have to deliver to the Judge a conformed courtesy copy of any filings.

Exhibit 2



JUL 0 5 2022

CLERK OF THE SUPERIOR COURT
M. PATTERSON
DEPUTY CLERK

Mark McCormick (Sui Juris)
610 E. Bell Rd. #2-221
Phoenix, AZ 85022
Telephone (216) 609-7728
Email: BigFlaash5@gmail.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR

## THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| MARK MCCORMICK | : | CASE NO. CV2021-053913 |
| | | JUDGE: ALLISON BACHUS |
| Plaintiff, | : | **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| Vs. | : | |
| XCD REALTY & PROPERTY MANAGEMENT et., al. | : | |
| Defendants. | : | |

Plaintiff asserts **All Constitutional Rights Invoked herein none waived**. Plaintiff

also asserts the **Supremacy Clause** of the United States Constitution. Plaintiff

move for leave to file his First Amended complaint. Plaintiff has reached out to all

the Defendants Counsels and attempted to get them to stipulate to the Amendment

on June 30th 2022. Counsel David Stout and Brandon Millam both declined to

stipulate. Plaintiff advised counsels that under the Supremacy Clause of the United

States Constitution the Rules of Civil Procedure **does not supercede or govern** a

1

First Amendment **invocation** of redress contained in **the court record**. Meaning

that the Rule doesn't have **STANDING** to dissolve a Guaranteed inalienable right

invoked on the record of the court. The Plaintiff is under no "implied waivers"

Plaintiff is not practicing law plaintiff is exercising guaranteed inalienable rights,

not given to him by the State Constitution or The Federal Constitution but God

given and protected by the U.S. Constitution's Supremacy Clause. With respect to

the Rule 15, even tho plaintiff is not waiving any Constitutional Right that would

imply that he is an officer of the court or a State entity, which would be completely

bound to the rules. Pursuant to Rule 15(A)(2), the Plaintiff file its Motion For

Leave to File First Amended Complaint Attached hereto as Exhibit 3D.

## (a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a

matter of course:

(A) no later than 21 days after serving it if the pleading is one to which no

responsive pleading is permitted; or

(B) no later than 21 days after a responsive pleading is served if the pleading is one

to which a responsive pleading is required or, if a motion under Rule 12(b), (e), or

(f) is served, on or before the date on which a response to the motion is due,

whichever is earlier.

(2) Other Amendments. In all other instances, a party may amend its pleading only with leave of court or with the written consent of all opposing parties who have appeared in the action. **Leave to amend must be freely given when justice requires**. (*PLAINTIFF'S FIRST AMENDMENT CONSTITUTIONAL INVOKED*)

(3) Effect on Pending Motions. After the filing of a motion under Rule 12(b), (e), or (f), amending a pleading as a matter of course does not, by itself, make moot the motion as to the adequacy of the pleading's allegations as revised in the amended pleading and does not relieve a party opposing the motion from filing a timely response.

(4) Proposed Pleading as an Exhibit. **A party moving for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion.** The exhibit must show the respects in which the proposed pleading differs from the existing pleading by bracketing or striking through the text to be deleted and underlining the text to be added.

(5) Filing and Response. If a motion for leave to amend is granted, the moving party must file and serve the amended pleading within 10 days after the entry of the order granting the motion, unless the court orders otherwise. If the pleading is one to which a responsive pleading is required, an opposing party must answer or otherwise respond to an amended pleading within the time remaining for response

to the original pleading or within 10 days after the amended pleading is served, whichever is later, unless the court orders otherwise.

## **PROPOSED AMENDMENTS (Exhibit 3D Attached Hereto)**

[PLAINTIFF'S first proposed amendment contained in Exhibit 3D incorporates Pages 1 thru 2, which replaces page one of the Plaintiff's Original Complaint and Incorporates pages 1 thru 2 of the Plaintiffs First Amended Complaint]

[PLAINTIFF'S 2nd proposed amendments contained in Exhibit 3D incorporates Page 3 through 23, which replaces pages 3 thru 4 of the Plaintiff's Original Complaint and Incorporates pages 3 thru 23 of the Plaintiffs First Amended Complaint] ( In this amend

[PLAINTIFF'S 2nd proposed amendments contained in Exhibit 3D incorporates Pages 24 thru 25, which replaces no pages of the Plaintiff's Original Complaint and Incorporates pages 24 thru 25 of the Plaintiffs First Amended Complaint] (in this amendment the Plaintiff has updated the damage amount and averments to incorporate additional facts that were unavailable at the time the Plaintiff filed it's initial complaint.

By  /s/Mark McCormick (Sui Juris)
Mark McCormick
610 E. Bell Rd #2-221
Phoenix, AZ 85022
216-609-7728
Email:BigFlaash5@gmail.com

## CERTIFICATE OF SERVICE

The below named parties and/or their respective counsel have been sent the
Plaintiff's Leave to File First Amended Complaint and the attached
Complaint as Exhibit 3D this 1st day of July, 2022 via email. Hard copies
will not be sent via U.S. Mail unless specifically requested.

David Stout Jr.
40 N. Central Ave., #2700
Phoenix Arizona 85004
Attorney for XCD REALTY and Anthony Masiello


Brandon Millam
Joanna Profit
Ladranda Boudwine
1313 E. Osborn Rd Ste#220
Phoenix, AZ85014
Attorneys for Shah Family Trust

By /s/Mark McCormick (Sui Juris)

Mark McCormick
610 E. Bell Rd #2-221
Phoenix, AZ 85022
216-609-7728
Email:BigFlaash5@gmail.com

Exhibit 5

Clerk of the Superior Court
*** Electronically Filed ***
08/05/2022 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

LC2022-000057-001 DT                           08/04/2022


                                    CLERK OF THE COURT
HONORABLE DANIEL J. KILEY                  D. Tapia
                                            Deputy


SHAH FAMILY TRUST C / O X C D REALTY      MICHAEL W CAPP

v.

MARK MCCORMICK (001)                       MARK MCCORMICK
                                           610 E BELL RD #2-221
                                           PHOENIX AZ  85022

                                           JUDGE KILEY
                                           REMAND DESK-LCA-CCC



MINUTE ENTRY


**Dreamy Draw Justice Court Case No. CC2021-169905 EA**

       The Court is in receipt of the document entitled "General Affidavit," which was filed by
Appellant Mark McCormick on August 1, 2022.

       There is no indication that a copy of this filing was served on Appellee Shah Family
Trust as required by Ariz.R.Civ.P. 5(a)(2). Accordingly, the Court will take no action on this
filing.


Docket Code 025                  Form L000                        Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

LC2022-000057-001 DT                                          08/04/2022

   NOTICE: LC cases are not under the e-file system. As a result, when a party files a
document, the system does not generate a courtesy copy for the Judge. Therefore, you will have
to deliver to the Judge a conformed courtesy copy of any filings.

Clerk of the Superior Court
*** Electronically Filed ***
08/08/2022 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2021-053913                                          08/05/2022

                                          CLERK OF THE COURT
HONORABLE ALISON BACHUS                        C. Lett
                                                Deputy


MARK MCCORMICK                        MARK MCCORMICK
                                      610 E BELL RD # 2-221
                                      PHOENIX AZ  85022

v.

X C D REALTY, et al.                  DAVID LEE STOUT JR.


                                      WILLIAM H DOYLE
                                      JUDGE BACHUS



MINUTE ENTRY

        The Court has received Plaintiff's General Affidavit filed on August 1, 2022, which the Court cannot consider for the following reason:

1. There is no indication on the pleadings that a copy has been mailed to all opposing/interested parties/counsel, as required by Rule 5(a), Arizona Rules of Civil Procedure.  The Court cannot consider ex-parte communications.

        **IT IS ORDERED** rejecting Plaintiff's General Affidavit.

Clerk of the Superior Court
*** Filed ***
08/24/2022 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

LC2022-000057-001 DT                    08/23/2022

CLERK OF THE COURT

HONORABLE DANIEL J. KILEY           P. McKinley
                                               Deputy

SHAH FAMILY TRUST C / O X C D REALTY     MICHAEL W CAPP

v.

MARK MCCORMICK (001)               MARK MCCORMICK
                                            610 E BELL RD #2-221
                                            PHOENIX AZ  85022

                                            DREAMY DRAW JUSTICE COURT
                                            JUDGE KILEY
                                            REMAND DESK-LCA-CCC

**RECORD APPEAL REVIEW / AFFIRMED**

**Dreamy Draw Justice Court Case No. CC2021169905EA**

      Defendant/Appellant Mark McCormick ("Appellant") appeals the judgment that the Dreamy Draw Justice Court entered against him and in favor of Plaintiff/Appellee Shah Family Trust c/o XCD Realty ("Appellee"). For the reasons that follow, this Court affirms the judgment.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      On October 6, 2021, Appellee delivered a Five (5) Day Notice for non-payment of rent to Appellant via certified mail.

      On October 21, 2021, Appellee filed an eviction action in the Dreamy Draw Justice Court, alleging that Appellant "failed to pay rent as agreed," and "the rent is unpaid since 8/1/21 and had a prior unpaid balance of $3001.76." Complaint - Eviction Action ("Complaint") at p. 1, ¶ 5. The Complaint stated that "[t]he rental agreement requires rent to be paid each month on the

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

LC2022-000057-001 DT                                    08/23/2022

1st day of each month in the following amount: $2654.69." *Id.* Appellee attached the 5-Day Notice and Ledger to the Complaint.

On October 22, 2021, Appellant was served the "Summons (Eviction Action); Complaint (Eviction Action); Notice; Lease; Ledger: Telephonic Hearing Notice; Attestation of Plaintiff-CARES Act/CDC Order of Compliance by Plaintiff; Exhibits; Residential Eviction Information Sheet (REIS)." *See* Declaration of Service dated October 24, 2021.

At the Initial Appearance hearing in this matter on October 28, 2021, Appellee and Appellant both appeared. Appellant contested that he owed rent, and the trial court set the matter to trial.

The trial court held a bench trial on November 4, 2021, at which both parties appeared. Prior to the commencement of the trial, the trial judge noted that "the Court's file" includes "a 5-Day Notice, Complaint, Summons, and Service." Audio Recording of Proceedings, November 4, 2021 ("A.R. 11/4/21") at 2:01:52–2:02:00.

Appellee called its Property Manager, Trish Jeffrey, as its first witness. Ms. Jeffrey testified that, as of the date of trial, Mr. McCormick owed rent of $5,656.45 "after reconciling the Ledger." A.R. 11/4/21 at 2:03:13–2:03:58.

On cross-examination, Appellant asked Ms. Jeffrey, "Was there ever any type of agreement at any time during September 2019 to the present date that Mr. Mark McCormick will be on a month to month basis?" A.R. 11/4/21 at 2:06:08–2:06:37. Ms. Jeffrey answered, "No, you're not on month to month." *Id.* Appellant then asked Ms. Jeffrey, "Did you properly secure, on the record, a certified copy showing that service was perfected on Mark McCormick?" *Id.* at 2:06:48–2:07:22. Ms. Jeffrey answered, "Yes." *Id.* Appellant then asked Ms. Jeffrey, "Did you receive federal funds on behalf of Mr. McCormick?" *Id.* at 2:07:30–2:08:19. Ms. Jeffrey responded, "Yes, it's on the Ledger." *Id.* Appellant then asserted that the "CDC CARES Program" "reflect[ed] that they paid the plaintiff a total of about $30,521.27 as a part of a rental eviction prevention program for Mr. Mark McCormick." *Id.* at 2:09:40–2:10:06. Appellant then further asked Ms. Jeffrey, "Does the Rental Ledger that was presented to the court," "reflect the totality of all the payments received by Mr. Mark McCormick from September 7th of 2019 to the present date?" *Id.* at 2:10:22–2:10:46. Ms. Jeffrey responded, "Yes." *Id.*

The trial judge then stated, "I will note for the record that all of the rental assistance payments that you indicated you received are reflected on the Ledger." A.R. 11/4/21 at 2:15:30–2:15:36. The trial judge further stated,

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

LC2022-000057-001 DT                                    08/23/2022

> The Court is going to deny the motion made by Mr. McCormick that he was
> not properly served. He's appeared, he's appeared in this matter. He appeared
> the last time that we were in court, so the motion regarding improper service is
> denied.

*Id.* at 2:15:42–2:15:57.

Ms. Jeffrey then testified that Appellant "signed a new lease, which was also emailed to
the court today and it has his signature on it for a whole new lease." A.R. 11/4/21 at 2:16:04–
2:16:14. The trial judge then asked Ms. Jeffrey, "Is this the one that begins on 10/01/2020?" *Id.*
at 2:17:51–2:17:58. Ms. Jeffrey responded, "Correct." *Id.* The trial just then stated, "The court
does have that lease agreement and it is signed by Mr. McCormick." *Id.* at 2:17:59–2:18:01. The
trial judge went on to state, "The court will note for the record, there is a valid lease agreement,
that's signed between XCD Realty and Mr. McCormick, this is not a month to month tenancy."
*Id.* at 2:18:30–2:18:47.

Appellant then testified, asserted that the signature on the lease agreement "is not [his]
signature and [he] did not agree to those terms." A.R. 11/4/21 at 2:19:00–2:19:02. Appellant
further testified, "I don't owe these people nothing," explaining that he "completed a program in
which they received several funds for eviction prevention and all of those funds would exceed
any amount that [he] would owe [Appellee]." *Id.* at 2:19:13–2:19:31. Appellant asserted that the
"tenant ledger" that was disclosed by Appellee "shows multiple missing payments," and so he
"had to present all the payment in the Ledger to show the full totality of the situation." *Id.* at
2:19:45–2:19:57. The trial judge then told Appellant,

> You haven't provided any ledger, sir. You haven't provided me any
> documentation regarding payments that you've made. The Ledger that I've got
> does show all of the rental assistance that the Landlord's received on it.
> Everything that you've told me that's been paid is reflected on the Ledger.

*Id.* at 2:19:58–2:20:17. The trial judge then stated that "all of this documentation" that Appellant
claimed to have filed with the trial court has "not been received by the court as of the time of this
hearing." *Id.* at 2:25:05–2:25:13. The trial judge further stated,

> When we last had these proceedings, I urged [Appellant] to make sure that the
> Court was in receipt of all of [his] exhibits. Those documents have not been
> provided to the Court in a timely fashion.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

LC2022-000057-001 DT                                         08/23/2022

*Id.* at 2:25:14–2:25:45.

When rendering its verdict against Appellant and in favor of Appellee, the trial court stated that

> [t]he Court does find that there is a valid lease agreement that exists between the parties. The Court also does find that the Ledger that was provided by the Landlord does reflect all of the rental assistance that's been received by Mr. McCormick. The Court does find the Ledger to be true and accurate based upon a preponderance of the evidence that's been produced in this case. I am going to sign the Judgment for Eviction. The total amount that's due and owing is $5,978.45.

A.R. 11/4/21 at 2:25:50–2:26:19. The trial court therefore awarded Appellee immediate possession of the premises, along with rent of $5,656.45, late fees of $215.00, and court costs of $107.00. Judgment (Eviction Action), dated 11/4/21 at p. 1. On November 8, 2021, Appellant filed a timely notice of appeal.

This Court has jurisdiction pursuant to ARIZ. CONST. art. VI, § 16; A.R.S. § 12–124, 22–261; and Rule 17, Rules of Procedure for Eviction Actions ("RPEA").

**II. LEGAL ANALYSIS**

The Court has reviewed and considered the Appellant's "Appellant Memoranda" which will be referred to herein as the "Opening Memorandum" or "O.M." The Court has also reviewed and considered Appellee's "Appellee Response Memorandum" which will be referred to herein as the "Answering Memorandum" or "A.M." [1]

In his Opening Memorandum, Appellant argues that he "submitted evidence such as, a residential Lease Agreement between him and the Appellee's, Rental Receipts and Affidavit." O.M. at p. 2 (spelling and grammar in original). Appellant goes on that "[t]he evidence was

---

[1] On August 1, 2022, Appellant filed certain exhibits with this Court. *See* "General Affidavit" dated August 1, 2022 and exhibits attached thereto. It does not appear that these exhibits relate to Appellant's tenancy in Appellee's property, or otherwise relate to the issues in this appeal. On the contrary, the exhibits appear to relate to events that occurred after the Dreamy Draw Justice Court issued the Judgment in this matter in November 2021. *See generally id.* In any event, a party cannot expand the record on appeal simply by filing new documents with the appellate court. The Court will not consider these documents in determining this appeal.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

LC2022-000057-001 DT                                      08/23/2022

submitted about 1 week before trial," and that he "also submitted the evidence again the morning of November 4th 2021 (the day of trial)." *Id.* Although, he claims, he delivered exhibits to the trial court twice, he contends that "the trial court did not allow Appellant's exculpatory evidence to be admitted for the trial." *Id.* Appellant further insists that he "did not owe Appellee's any rent at the time they filed for eviction October 21, 2021." *Id.* (spelling and grammar in original).

In the Answering Memorandum, Appellee argues "Appellant offers no legal basis, factual or otherwise, that would allow him to occupy a residential property, rent free, for many months." A.M. at p. 3. Appellee further contends, "Appellant failed to offer any evidence that would allow him to live rent-free for months." *Id.* at p. 4.

An appeal is not an opportunity to reargue one's case in the hope that a second judge will see things differently than the trial court judge. Appellate courts do not conduct their own, independent evaluation of the evidence that was presented. *E.g., City of Glendale v. Bradshaw*, 114 Ariz. 236, 238 (1977); *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 52 ¶ 11 (App. 2009). Thus, appellate courts do not decide what testimony or other evidence is credible and what is not. *In re Estate of Zaritsky*, 198 Ariz. 599, 601 ¶ 5 (App. 2000) (recognizing that trial courts must determine credibility issues); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347–48 ¶ 13 (App. 1999) (stating that it is the function of trial courts to determine "witnesses' credibility and the weight to give to conflicting evidence"); *United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 287 (App. 1983) (stating that "[t]he weight to be given conflicting evidence is for the trier of fact, not a reviewing court"). Further, "[a]n appellate court's review is limited to the record before the trial court." *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990). Accordingly, this Court will not consider new evidence presented for the first time on appeal, but will consider only the evidence that was presented to the trial court.

To establish a claim for breach of contract, the plaintiff must prove, by a preponderance of the evidence, the existence of a contract, the defendant's breach of that contract, and the plaintiff's resulting damages. *See, e.g., Keg Restaurants Ariz., Inc. v. Jones*, 240 Ariz. 64, 75 ¶ 41 (App. 2016).

On appeal, this Court must view the evidence in the light most favorable to upholding the trial court's ruling, *Mahar v. Acuna*, 230 Ariz. 530, 532 ¶ 2 (App. 2012), and must give great deference to a trial court's factual determinations. *See, e.g., Ariz. Dep't of Econ. Security v. Oscar O.*, 209 Ariz. 332, 334 ¶ 4 (App. 2004) (recognizing that trier of fact is "in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," and that its factual findings will be accepted on appeal "unless no reasonable evidence supports those findings") (citations and internal quotations omitted). As

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

LC2022-000057-001 DT                                    08/23/2022

such, this Court's review "does not include re-weighing conflicting evidence or redetermining the preponderance of the evidence." *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009). *See also Vincent v. Nelson*, 238 Ariz. 150, 155 ¶ 17 (App. 2015) (noting that the trial court "is in the best position to judge the credibility of witnesses and resolve conflicting evidence").

Here, the trial court heard and considered the testimony of the witnesses, and had the opportunity to observe the demeanor of each of the witnesses as he or she testified. In finding that Appellant had failed to pay rent, the trial court accepted the testimony of Ms. Jeffrey, and rejected any contrary testimony. The testimony of Ms. Jeffrey constituted substantial evidence to support the findings. *See State v. Montano*, 121 Ariz. 147, 149 (App. 1978) (testimony of "one witness" is "sufficient to support a conviction" if the fact-finder considers the testimony "relevant and credible"). This Court has no basis on which to second-guess the trial court's resolution of the testimony in favor of finding that Appellant had failed to pay his rent. *Cf. State v. Dann*, 205 Ariz. 557, 566 ¶ 23 (2003) ("A court will find the evidence sufficient to support a conviction…if substantial evidence, viewed in the light most favorable to sustaining the conviction, supports the verdict.") (citation and internal quotations omitted). Based on the testimony and evidence presented, it cannot be said, that there is "a complete absence of probative facts to support [the trial court's] conclusion." *Mauro*, 159 Ariz. at 206. On the contrary, based on the evidence and testimony below, this Court concludes Appellee presented sufficient evidence to support the trial court's finding that Appellant had failed to pay rent and committed the breach of the lease as alleged.

Further, the trial judge made clear to Appellant that it never received any of the documents that Appellant claims to have submitted to the trial court. The trial judge noted for the record that "all of this documentation" that Appellant claimed to have filed with the trial court has "not been received by the court as of the time of this hearing." A.R. 11/4/21 at 2:25:05–2:25:13. Although Appellant insists that the exhibits that he purportedly submitted would have been "exculpatory," O.M. at p. 2, this Court cannot grant Appellant relief based on the purported contents of alleged documents this Court has never seen. *See State v. Carlson*, 202 Ariz. 570, 580 ¶ 33 (2002) ("We are unwilling to speculate as a basis for reversal."); *In re Property at 6757 S. Burcham Ave.*, 204 Ariz. 401, 405 ¶ 11 (App. 2003) ("We may only consider the matters in the record before us.") (citation and internal quotations omitted).

In his Opening Memorandum, Appellant argues that the trial court "ruled without Due Process, In violation of the (Invoked) 14th Amendment of the United States Constitution," and "in violation of the United States Constitution's Equal Protection Clause," and [t]he Trial Court violated Federal Criminal Statutes 18 U.S.C. 241 & 18 U.S.C. 242 during the Commission of a judicial proceeding." O.M. at p. 3 (spelling and grammar in original).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

LC2022-000057-001 DT                                    08/23/2022

In response, Appellee argues in its Answering Memorandum, that Appellant's "arguments are as non-sensical as his argument that he did not owe rent for months." A.M. at p. 4. Further, Appellee states it "properly complied with the Arizona Residential Landlord and Tenant Act and Rules for Procedure in Eviction Actions," and "[t]he Justice Court ruled correctly." *Id.*

An appellate court may only consider the matters that were presented to the trial court and contained in the trial court record. *In re Property at 6757 S. Burcham Ave.*, 204 Ariz. 401, 405 ¶11 (App. 2003) ("We may only consider the matters in the record before us.") (citation and internal quotations omitted). A review of the record shows that Appellant never raised these constitutional arguments to the trial court. As noted above, this Court's review is limited to the record made in the trial court. *GM Development*, 165 Ariz. at 4. This Court cannot, in other words, consider new evidence or new allegations that were never presented to the trial court. *Id. See also In re MH2009-002120*, 225 Ariz. 284, 287 (App. 2010) ("We generally do not consider issues…argued for the first time on appeal."). Thus, this Court will not address these arguments on appeal.

In any case, after a complete review of the record, this Court finds Appellant's contention that the "Court ruled without Due Process" to be without merit. "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Cook v. Losnegard*, 228 Ariz. 202, 206 ¶ 18 (2011) (citation and internal quotation omitted). "It also affords a party the opportunity to offer evidence and confront adverse witnesses." *Id.* Here, the trial court followed the Rules of Procedure for Eviction Actions, and allowed Appellant a meaningful opportunity to present his own testimony and to cross-examine Appellee's witness. The claim he now raises that he was denied "due process," O.M. at pp. 2–3, is belied by the record.

Based on the evidence and testimony below, this Court concludes Appellee presented sufficient evidence to support the trial court's finding that Appellee met its burden of proof in proving a breach of the lease. This Court concludes that the trial court correctly resolved this case. *See State v. Morris*, 215 Ariz. 324, 341 ¶ 77 (2007) (court of appeals will uphold any decision if the record reasonably is supported by evidence).

Appellee has given notice of its intent to seek costs and attorneys' fees in its Complaint and the Appellee's Memorandum. As the prevailing party, Appellee may be entitled to recover its taxable costs and its reasonable attorneys' fees on appeal. Upon Appellee's compliance with Rule 13, Sup. Ct. R. App. P. – Civil, this Court will consider Appellee's request for costs and

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

LC2022-000057-001 DT                                    08/23/2022

fees. If Appellee contends that this Court is required to award reasonable attorneys' fees due to a provision of a contract between the parties, Appellee's Rule 13 filing must either supply the contractual provision requiring the award of fees or specifically identify where in the existing record that provision can be found. *See Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 206 ¶ 8 (App. 2014). Appellee's Rule 13 filing also "must disclose the terms of any fee agreement for the services for which the claim is made." Rule 54(g)(4), Ariz. R. Civ. P., *See also Jerman v. O'Leary*, 145 Ariz. 397, 403 (App. 1985) ("[I]t is vital to know what the agreement was between appellees and their lawyer.").

Upon resolution of Appellee's request for fees and costs, the Court will remand this matter to the Dreamy Draw Justice Court.

**III. CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** affirming the Judgment of the Dreamy Draw Justice Court that was entered on November 4, 2021.

Appellee's request for an award of fees and costs is the only matter that remains pending in connection with this appeal. This is a partial final judgment. There is no just reason for delay, and so this partial final judgment is being entered herein pursuant to Rule 12(d), 14(b), Sup. Ct. R. App. P. – Civil and Rule 54(b), Ariz. R. Civ. P.

*/s/ Daniel J. Kiley*
THE HON. DANIEL J. KILEY
Judge of the Superior Court

NOTICE: LC cases are not under the e-file system. As a result, when a party files a document, the system does not generate a courtesy copy for the Judge. Therefore, you will have to deliver to the Judge a conformed courtesy copy of any filings.